IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Kathleen Spence, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 07-1711 |
| Fayette County Vo-Tech School, | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

# OPINION AND ORDER OF COURT

Plaintiff, Kathleen Spence ("Plaintiff" or "Spence"), initiated this action against Defendant Fayette County Vo-Tech School ("Defendant" or "Vo-Tech"), alleging discriminatory treatment in employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.* ("PHRA"). Pending before the Court is Defendant's Motion for Summary Judgment seeking dismissal of Plaintiff's claims in their entirety. (Docket No. 31). Despite several notifications by the Court, Plaintiff has failed to file a Brief and/or a Response in Opposition thereto. For the reasons set forth below, Defendant's motion is granted.

## I. INTRODUCTION

### A. Factual Background[1]

Plaintiff is an African-American female whom Defendant initially hired in 1993 as a secretarial aide. Beginning in the 1997-1998 school year, Plaintiff was assigned to Vo-Tech's

---

[1] Because Plaintiff did not respond to Defendant's Concise Statement of Material Facts, the facts in this section are taken from Defendant's Concise Statement as supported by the record.

Culinary Arts program as a classroom aide. At all times, Plaintiff's salary was paid by funds made available through grant monies as part of the Carl D. Perkins Vocational and Technical Education Act, Public Law No. 105-332. Plaintiff was the school's only African-American employee.

For several years, Defendant's student enrollment steadily declined. All four member school districts, facing declining financial situations of their own, approved decisions to withdraw their respective ninth-grade students from Vo-Tech. Vo-Tech's Operating Committee observed that the Culinary Arts Program, among others, had been experiencing a decline in student enrollment. This decline reduced the need for an aide to assist in educational instruction in the program. Defendant also was faced with significant changes under the Carl Perkins grant. Specifically, there was to be a ten percent decrease on an annual basis in the percentage of grant funds that could be used to pay individual salaries, significantly impacting the programs funded by the grant over time.

On June 29, 2005, the Operating Committee acted to eliminate certain programs and services, including a necessary reduction in staff. Among those positions eliminated was the classroom aide in the Culinary Arts program – *i.e.*, Plaintiff's position. The declining student enrollment in the program reduced the need for an aide. In total, ten persons lost their employment as a result of Defendant's reduction in staff. Except for Plaintiff, all of the terminated employees were Caucasian.

All employees affected by the Operating Committee's actions were entitled to a hearing in accordance with the Local Agency law. Plaintiff exercised her right to a hearing which was held on July 20, 2005. At the hearing, the reasons for the Operating Committee's actions were fully explained to Plaintiff, including the changes taking place relative to the Carl Perkins grant. On August 22, 2005, the Operating Committee held a regularly-scheduled meeting and ratified the action eliminating Plaintiff's position. Plaintiff disagrees with Defendant's stated reasons and

2

alleges her termination from employment was the result of racial discrimination.

## B. Procedural History

On or about December 16, 2007, Plaintiff, represented by counsel, filed a Complaint against Defendant in this Court. (Docket No. 1). On April 22, 2008, Defendant filed its Answer to Plaintiff's Complaint. (Docket No. 17). On December 5, 2008, Defendant filed the instant Motion for Summary Judgment and supporting materials. (Docket Nos. 31-33). During a telephone conference with the Court on that same date, I permitted Plaintiff's then-attorney, Verdell Dean, to withdraw as counsel. (Docket Nos. 28-29). I further gave Plaintiff leave until February 5, 2009 to obtain new counsel and to respond to Defendant's Motion for Summary Judgment. Id. In January 2009, Plaintiff, now *pro se*, wrote to the Court requesting additional time to retain new counsel. On January 12, 2009, I granted Plaintiff an extension until February 27, 2009 to respond to the Motion for Summary Judgment. When Plaintiff failed to respond, I held a telephone conference and gave her a final response deadline of March 31, 2009. (Docket No. 34). To date, however, Plaintiff has not filed any response to the Motion.

Plaintiff's failure to file a response to the Motion for Summary Judgment alone, however, is not sufficient to justify the entry of summary judgment. Fed. R. Civ. P. 56; Durant v. Husband, 28 F.3d 12, 17 (3d Cir. 1994); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 174-75 (3d Cir. 1990). There must be facts of record to support the claim on the merits. Id. Thus, even absent a response from Plaintiff, I must still engage in a legal analysis of the case to determine, based on the facts of record, if summary judgment is warranted. Fed. R. Civ. P. 56(e).

## II. LEGAL ANALYSIS

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988) (quoting Celotex, 477 U.S. at 322).

## B. Disparate Treatment - Count I

Plaintiff alleges that Defendant terminated her employment because of her race, African-American, in violation of Title VII.[2] Defendant alleges that it is entitled to summary judgment as to Plaintiff's disparate treatment claims because Plaintiff cannot establish a *prima facie* case of race discrimination, and/or she cannot show that Defendant's reason for eliminating her position was a pretext for discrimination.

Title VII makes it unlawful, inter alia, to "discharge any individual . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove race discrimination by direct evidence as set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 244-46 (1989), or indirectly through the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). "Direct evidence" is evidence sufficient to allow the jury to find that the "decisionmakers placed substantial negative reliance on [race] in reaching their decision." Price Waterhouse, 490 U.S. at 277.

Because Plaintiff has failed to present any evidence, let alone direct evidence, that the decisionmaker(s) in this case discharged her because of her race within the meaning of Price Waterhouse, I will analyze her disparate treatment claim using the McDonnell Douglas burden-shifting framework. Under that framework, plaintiff first must establish a *prima facie* case of discrimination. If she succeeds, the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant meets this minimal burden, then the plaintiff must prove, by a preponderance of the evidence, that the articulated reason was mere pretext for discrimination. McDonnell Douglas Corp., 411 U.S. at 802;

---

[2] To the extent Plaintiff alleges analogous claims under the PHRA, my Title VII analysis applies equally to those claims. See Rabinowitz v. Amerigas Partners, L.P., 252 F. App'x 524, 527(3d Cir. 2007).

Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997). Throughout this analysis, however, the burden of proving intentional discrimination rests with the plaintiff. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

### 1. *Prima Facie* Case

To establish a *prima facie* case of race discrimination, a plaintiff must demonstrate: (1) that she is a member of the protected class; (2) that she was qualified for the position in question; (3) that she suffered an adverse employment action; and (4) that the adverse action occurred under circumstances that create an inference of discriminatory motive. See McDonnell Douglas, 411 U.S. at 802; Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

Here, Defendant argues that Plaintiff has not established a *prima facie* case of race discrimination with respect to her claims that Defendant unfairly terminated her employment as a paraprofessional in the school's Culinary Arts program. Specifically, Defendant argues that Plaintiff cannot establish the fourth prong of the *prima facie* case because she cannot demonstrate that others not in her protected class were treated more favorably. See Def.'s Br. at 6-10. In making this argument, however, Defendant misstates the fourth prong of the analysis. Although evidence that others outside the protected class were treated more favorably is commonly used to satisfy this prong, such proof is not required to establish a *prima facie* case. Rather, as set forth above, a plaintiff simply must show that the adverse action occurred under circumstances that create an inference of a discriminatory motive See Sarullo, 352 F.3d at 797 n.7. Thus, Defendant's argument in this regard alone does not warrant the entry of summary judgment in its favor.

Nevertheless, Plaintiff in this case has failed to respond to Defendant's arguments in any fashion, let alone come forward with any evidence to establish a *prima facie* case of disparate treatment on the basis of race. Accordingly, she has failed to meet her burdens under the McDonnell Douglas framework and Rule 56(e). Further, even assuming that the record supports

an inference of discriminatory motive,[3] her discrimination claims cannot survive summary judgment because, as set forth more fully below, Defendant has provided a legitimate, nondiscriminatory reason for its actions, and Plaintiff has not responded or pointed to any evidence whatsoever showing that this reason was a pretext for race discrimination.

**2. Defendant's Articulated Reason**

Defendant has satisfied its minimal burden of articulating a legitimate, nondiscriminatory reason for its actions, *i.e.*, necessary position elimination due to declines in student enrollment and available funding for salaries. Def.'s Br. Supp. at 12-13. Defendant points to ample record evidence in support of this reason. For example, Defendant cites Local Agency Hearing testimony of then-Vo-Tech Director John Fibbi that Defendant had experienced a steady decline in student enrollment for several years, including within its Culinary Arts program and that the decline in enrollment reduced the need for an instructional aide in the program. Def.'s App'x, Ex. B, at 2-6; see also id., Ex. D (Operating Committee minutes noting substantial decline in enrollments). Defendant also points to Plaintiff's own deposition testimony acknowledging that her salary was paid from Carl Perkins grant funds and Fibbi's local hearing testimony that the Vo-Tech faced a continual decline in percentages of Perkins grant funds that could be used to pay individual salaries. Id., Exs. A, B. Defendant further attaches Vo-Tech Operating Committee meeting minutes reflecting the elimination of certain programs and services, including the elimination of the classroom aide position in the Culinary Arts program (Plaintiff's position) as well as nine other positions. Id., Ex. C.

Courts have recognized job elimination for financial reasons and/or due to lack of need as legitimate, nondiscriminatory reasons for an adverse employment action. See, e.g., Stager v.

---

[3] Among other things, it is undisputed that Plaintiff was the school's only African-American employee. Def.'s St. Mat. Facts ¶¶ 4, 10.

Beverly Health & Rehab. Servs., Inc., Civ. A. No. 3:2006-101, 2008 WL 3165837, at *12 (W.D. Pa. Aug. 6, 2008) (elimination of unnecessary position); Kashnicki v. Pets United, LLC, No. 4:06-CV-0976, 2008 WL 2992165, at *16 (M.D. Pa. Aug. 4, 2008) (decrease in annual sales resulting in need to reduce number of employees); Smith v. Thomas Jefferson Univ., Civ. A. No. 05-2834, 2006 WL 1887984, at *4 (E.D. Pa. June 29, 2006) (economics compelled reduction in force and plaintiff's position was least necessary). Accordingly, Defendant has met its minimal burden of production, and the burden is on Plaintiff to offer evidence that Defendant's proffered reason is pretextual.

### 3. Pretext

"To survive summary judgment when the employer has articulated a legitimate, non-discriminatory reason for its action, the plaintiff must point to some evidence . . . from which a fact-finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determining cause of the employer's action." Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d , 644 (3d Cir. 1998) (quoting Fuentes, 32 F.3d at 764); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 370 (3d Cir. 2008). To discredit the employer's articulated reasons (the first method of proving pretext), the plaintiff

> need not "produce evidence that necessarily leads to the conclusion that the employer acted for discriminatory reasons, nor produce additional evidence beyond her prima facie case." Id. (citations omitted). The plaintiff must, however, point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the proffered nondiscriminatory reason did not actually motivate the employer's action."

Simpson, 142 F.3d at 644 (quoting Fuentes, 32 F.3d at 764-65).

To show that discrimination was more likely than not a cause for the employer's action (the second method of proving pretext), "the plaintiff must point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that" the plaintiff's race

"was a motivating or determinative factor in the employment decision." Id. Among other things, the plaintiff may show that the employer: (1) has previously discriminated against her; (2) has discriminated against other persons within the plaintiff's protected class or within another protected class; or (3) that the employer has treated more favorably similarly situated persons not within the protected class. Id. at 645 (citing Fuentes). The burden of proving pretext is a difficult one, Fuentes, 32 F.3d at 765, and one which Plaintiff has failed to meet in this case.

Here, the Complaint alleges that Plaintiff was the only African-American employee within the funded paraprofessional positions at issue and that, subsequent to her discharge, Defendant hired new or supplemental employees less qualified than Plaintiff. At the summary judgment stage, however, Plaintiff cannot rest merely upon the allegations in her Complaint, but must come forward with evidence of the same. Despite repeated requests, however, Plaintiff has failed to supply the Court with any response, let alone documentation, to support her allegations.

In addition, the record evidence supplied by Defendant credits, rather than discredits, Vo-Tech's articulated reason for terminating Plaintiff's employment, showing, as set forth above, that Plaintiff's position was eliminated for financial reasons coupled with declining enrollment. Moreover, there is no evidence of record that race discrimination was the true reason for Defendant's actions. Contrary to Plaintiff's insinuations in the Complaint that Defendant treated non-African-Americans more favorably, it is undisputed that Defendant eliminated the positions of nine Caucasian employees (including four other classroom aides) at the same time it discharged Plaintiff. To the extent Plaintiff suggests that Defendant discharged these nine other employees in order to mask an underlying motive to terminate Plaintiff's employment because of her race, I find that no reasonable jury could reach such a conclusion based on the evidence of record.

Because there is no evidence before me upon which a reasonable jury could conclude that Defendant's articulated reason for terminating Plaintiff's employment was pretextual, summary

judgment in favor of Defendant with respect to Plaintiff's disparate treatment race discrimination claim is warranted.

### C. Disparate Impact - Count II

In Count II of the Complaint, Plaintiff sets forth a disparate impact discrimination claim, alleging that Defendant, "by its employment procedures and policies ha[s] historically discriminated against African Americans and other minorities in its hiring and employment retention decisions." Complaint ¶ 21. The Complaint further alleges that Defendant's "policies or procedures have a disparate impact upon minorities" because, inter alia, (1) Defendant has failed or refused to hire, recruit, or maintain minority staff, despite possessing information pertaining to demographics of African-American paraprofessionals; and (2) statistical evidence within Defendant's possession shows that Defendant does not hire or retain African-American workers. Id. ¶ 22. The Complaint also avers that Defendant may have possessed a set of facially neutral rules or procedures for hiring and firing, but that those criteria have a discriminatory effect on African Americans. Id. ¶ 23. Alternatively, Plaintiff argues that "alternative practices were available that were equally effective in serving the Defendant's hiring and employment goals and have less disparate impact." Id. ¶ 24.

A plaintiff may establish a *prima facie* case of disparate impact discrimination "by demonstrating that facially neutral hiring policies have a disparate impact on a protected class of people, that is, that they 'are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another. . . .'" Foxworth v. Pa. State Police, 228 F. App'x 151, 155 (3d Cir. 2007) (quoting Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003)); see also Newark Branch, NAACP v. City of Bayonne, 134 F.3d 113, 121 (3d Cir. 1998) (to establish a *prima facie* case of disparate impact, the plaintiff must show "that application of a facially neutral standard has caused a 'significantly discriminatory hiring pattern'"). Evidence in disparate impact cases "usually focuses on statistical disparities." Newark Branch, NAACP, 134 F.3d at 121. Statistical disparities

alone, however, are not sufficient to meet the plaintiff's burden. Rather, the disparities must "be sufficiently substantial that they raise . . . an inference of causation." Foxworth, 228 F. App'x at 156 (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95 (1988)); see also Newark Branch, NAACP, 134 F.3d at 121. If a plaintiff establishes a *prima facie* case, the burden shifts to the employer to show that the employment practice is "job related . . . and consistent with business necessity." Foxworth, 228 F. App'x at 156 (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)). If the employer meets this burden, the plaintiff still may prevail if she "can show that an alternative employment practice has a less disparate impact and would also serve the employer's legitimate business interest." Id. (citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 425 (1975)).

As with Count I, however, Plaintiff in this case has failed to supply the Court with any response, let alone documentation, statistics, or other evidence, to support her allegations. As set forth above, Plaintiff cannot simply rest on the allegations of her Complaint at this stage of the litigation. Because there is no evidence before me to support Plaintiff's bald assertions that Defendant has in place policies or procedures that disparately impact African-American employees, I find that she has not established a *prima facie* case of disparate impact discrimination and that summary judgment in favor of Defendant on this claim is warranted.

### III. CONCLUSION

For all of these reasons, I find that Defendant has demonstrated that the evidence does not create any genuine issues of material fact and that Vo-Tech is entitled to judgment as a matter of law as to the claims set forth in Plaintiff's Complaint. Plaintiff has failed to go beyond the pleadings and point to evidence demonstrating that there is a genuine issue for trial. Accordingly, Defendant's Motion for Summary Judgment is granted in its entirety.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Kathleen Spence, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 07-1711
)
Fayette County Vo-Tech School, )
)
    Defendant. )
)

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 8th day of April, 2009, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment (Docket No. 31) is GRANTED in its entirety and that Plaintiff's Complaint is dismissed with prejudice.

                                      BY THE COURT:

                                      /s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      Chief U.S. District Judge